HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD YTTERBERG and ABIGAYLE YTTERBERG, individually and as guardians of minor child, E.Y.,

Plaintiff,

v.

HOME DEPOT, U.S.A., INC.,

Defendant.

CASE NO. C10-675RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court in a motion for summary judgment from Defendant Home Depot, U.S.A., Inc. ("Home Depot"). Dkt. # 38. No party requested oral argument, and the court finds oral argument unnecessary. For the reasons stated below, the court DENIES the motion.

## II. BACKGROUND

Abigayle and Donald Ytterberg were shopping with their two young children at Seattle's Aurora Village Home Depot on February 11, 2010. While Mrs. Ytterberg and her children were in the window and door department of the store, a display door fell on top of her two-year-old daughter E.Y. Mrs. Ytterberg pulled E.Y. out from under the door immediately after the incident. E.Y. suffered multiple facial fractures and lacerations, and

ORDER – 1

the Ytterbergs allege that E.Y. will have permanent scars from the incident. The Ytterbergs have sued Home Depot for negligence.

David Collison, a supervisor in Home Depot's door and window department, built the door display. He described it as "top-heavy," as well as unstable when both doors are open. Thatcher Decl., Ex. C (Collison Dep., p.51:6-52:11). Store Manager Dale Markey also testified that he felt the door display was unstable and capable of falling toward a person if both doors were open. Rosato Decl., Ex. 5 (Markey Dep., p. 14:3-14:9). Mr. Collison further reported that, on the day of the incident, both display doors were closed when he went on a lunch break, but that he did not observe the position of the doors after the incident. Thatcher Decl., Ex. C (Collison Dep., p.52:20-53:3). There is nothing in the record indicating that anyone observed the doors' position between when Mr. Collison left and when the display fell on E.Y. Carrie Warren, assistant store manager, testified to hearing a child screaming, racing to the incident area, and helping Mrs. Ytterberg pull the door display off of E.Y. Thatcher Decl., Ex. B (Warren Dep., p. 78:12-79:13).

Expert witness Vern Goodwin, a registered professional engineer, inspected the door display after the incident. He reported that the 76-pound display carried most of its weight up top. Goodwin Decl. at 2. With display doors closed, it took approximately 7.7 pounds of force applied horizontally to the door handles to tip the display. *Id.* With display doors open at 90 degrees, it took 2 pounds applied horizontally or 7.3 pounds applied vertically to the handles to tip the door display. *Id.* Mr. Goodwin concluded that the display could be tipped by a child of E.Y.'s size. *Id.* Other than E.Y. herself, there were no eyewitnesses to the incident.[1]

---

[1] The Ytterbergs submitted a declaration from E.Y. describing the incident. Home Depot challenges the evidentiary competency of a declaration crafted on behalf of a three-year-old describing her memory of events that occurred when she was two. The court need not address the challenge at this time, because the court does not rely on E.Y.'s declaration in reaching its ruling today.

ORDER – 2

The parties dispute the events that led to the display falling. Home Depot contends that it is entitled to summary judgment because there is no evidence that its negligence was the proximate cause of the incident.

## III. ANALYSIS

On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must initially show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party must then show a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The court defers to neither party in resolving purely legal questions. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

In negligence actions, the plaintiff must establish that: (1) the defendant had a duty; (2) the defendant breached that duty; (3) the plaintiff suffered injuries; and (4) the defendant's breach of duty proximately caused plaintiff's injuries. *Iwai v. State,* 915 P.2d 1089, 1094 (Wash. 1996). In its motion, Home Depot does not contest duty, breach, or E.Y's injuries. Home Depot moves for summary judgment solely because it believes that there is no evidence from which a jury could conclude that its negligence proximately caused the door display to fall on E.Y.

Circumstantial evidence can be used to prove negligence. *Gerard v. Peasley*, 403 P.2d 45, 49 (Wash. 1965); *See also Attwood v. Albertson's Food Ctrs., Inc.*, 966 P.2d

ORDER – 3

351, 353 (Wash. Ct. App. 1998) (explaining that "[t]he plaintiff need not establish causation by direct and positive evidence, but only by a chain of circumstances from which the ultimate fact required is reasonably and naturally inferable"). The circumstantial evidence is sufficient "if it affords room for men of reasonable minds to conclude that there is a greater probability that the conduct relied upon was the proximate cause of the injury than there is that it was not." *Wise v. Hayes*, 361 P.2d 171, 172 (Wash. 1961).

There is evidence from which a jury could conclude that Home Depot's negligence was the proximate cause of the incident. There is no dispute that a Home Depot display door fell on top of E.Y. or that the incident resulted in injuries. Rosato Decl. at 12-14 (A. Ytterberg Dep., p. 29:21-31:4); Warren Decl., Ex. 1. No one, except perhaps E.Y., can know for certain how the display fell. But it is not necessary that anyone know the cause for certain. It is sufficient if a jury could determine that Home Depot's negligence was more probably than not the proximate cause. Mr. Goodwin's testimony gives the jury a basis to conclude that the display's admittedly top-heavy construction allowed it to tip from the force of a small child. The display might have fallen when E.Y. pulled the door handles when the doors were open. Goodwin Decl. at 2. Or, it might have fallen when the doors were closed and E.Y. pulled the handles or the display itself. Thatcher Decl., Ex. E (Goodwin Dep., p. 51:18-52:8). It is of course possible that there was some other cause, although the court notes that Home Depot has offered no evidence of another cause. Perhaps another customer caused the display to fall on E.Y. Perhaps her younger brother was involved in some way. A jury can consider these alternatives, and any others for which the parties provide evidence. The jury's job is to determine whether the Ytterbergs' proffered explanation, for which they have provided evidence, is more likely accurate than not. Because the evidence permits the jury to reach

ORDER – 4

a conclusion that Home Depot's negligence proximately caused the display door to fall and injure E.Y., summary judgment is inappropriate.

## IV.  CONCLUSION

For the reasons stated above, the court DENIES Defendant's motion for summary judgment. Dkt. # 38.

DATED this 5th day of July, 2011.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5